# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID HAWKINS, as Personal Representative of the Estate of PEGGY ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>CUNA MUTUAL GROUP d/b/a CMFG LIFE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-22-536-SLP<br>)<br>)<br>)<br>)<br>)<br>) |

## **O R D E R**

Before the Court is Plaintiff's Motion for Relief from Judgment Under FRCP 60(b)(1) and FRAP 4(a)(A)(5) [sic][1] [Doc. No. 71]. The matter is at issue. *See* Def.'s Resp. [Doc. No. 72] and Pl.'s Reply [Doc. No. 73]. This Court previously denied Plaintiff's request for leave to file an appeal out of time because the request was filed beyond the time limitations imposed by 28 U.S.C. § 2107(c) and Rule 4(a)(1) and 4(a)(5) of the Federal Rules of Appellate Procedure. *See* Order [Doc. No. 68]. Plaintiff re-urges the issue or, alternatively, seeks relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure.[2]

---

[1] The Motion references Fed. R. App. P. "4(a)(A)(5)." This appears to be a typographical error as the rule invoked by Plaintiff is Fed. R. App. P. 4(a)(5)(A).

[2] In responding to Plaintiff's Motion, Defendant further argues that Plaintiff cannot satisfy the requirements of Fed. R. App. P. 4(a)(6). But Plaintiff did not seek relief under that Rule and Plaintiff has not alleged any facts to show that he did not receive timely notice of the entry of the judgment. *See* Fed. R. App. P. 4(a)(6) (authorizing a district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" but only upon a finding that "the moving party did not receive notice under Federal Rule of Civil Procedure

Plaintiff is not entitled to relief under Fed. R. App. P. 4(a)(5)(A) as he did not timely seek such relief. The Rule states:

> (5) Motion for Extension of Time.
>   (A) The district court may extend the time to file a notice of appeal if:
>     (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; ***and***
>     (ii) regardless of whether its motion is filed ***before or during the 30 days after the time prescribed by this Rule 4(a) expires***, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5) (emphasis added). Rule 4(a)(1), in turn, gives a party in a civil case thirty days to file a notice of appeal after the entry of the "judgment or order appealed from." Fed. R. App. P. 4(a)(1). "The Supreme Court has 'ma[d]e clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.'" *Bunn v. Perdue*, 966 F.3d 1094, 1097 (10th Cir. 2020) (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).

Judgment was entered in this case on January 13, 2023. *See* Jdt. [Doc. No. 63]. As addressed by the Court in its prior Order, the time prescribed by Rule 4(a)(1) within which to appeal expired thirty days later on February 13, 2023. Plaintiff had thirty days from that date, or until March 15, 2023, to file a motion seeking an extension of time. But Plaintiff did not seek an extension of time until March 24, 2023. Therefore, Plaintiff did not timely invoke Rule 4(a)(5)(A). Although Plaintiff asks the Court to find excusable neglect or good cause, the Court cannot do so where, as here, Plaintiff did not

---

77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry"). Indeed, in his Reply, Plaintiff expressly states that "delay of notice of the judgment . . . is not an issue." Reply at 1. Accordingly, the Court need not address whether relief would be proper under Fed. R. App. P. 4(a)(6).

seek relief either "before or during the 30 days after the time prescribed by Rule 4(a) had expired," i.e., either before February 13, 2023 or during the 30 days thereafter, i.e., February 13, 2023 through March 15, 2023. *See Eagle v. Freeport-McMoRan, Inc.*, No. 18-2178, 2019 WL 13219817, at *2 (10th Cir. Jan. 28, 2019) (district court lacked authority to grant extension under Fed. R. App. P. 4(a)(5) where motion was untimely filed) (citing 28 U.S.C. § 2107(c) (providing that a motion for extension of time must be filed no later than 30 days after the time otherwise set for bringing an appeal)). Accordingly, this Court lacks authority to grant relief to Plaintiff under Fed. R. App. P. 4(a)(5)(A).[3]

Plaintiff also seeks relief under Fed. R. Civ. P. 60(b)(1) on grounds of "excusable neglect." Plaintiff's counsel, Rex Travis, represents that "shortly before" the notice of appeal deadline of February 13, 2023, counsel and counsel's wife became ill with COVID-19. Mr. Travis represents that he attempted to electronically file his entry of appearance and notice of appeal. He was able to file the entry of appearance but "did not know, or perhaps forgot, that the Entry of Appearance and the Notice of Appeal had to be filed as separate documents." Pl.'s Mot. at 2. Consequently, "the Notice of Appeal was not filed." *Id*.

---

[3] Plaintiff essentially seeks reconsideration of the Court's prior Order. Plaintiff has failed to demonstrate reconsideration is warranted. A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* at 1012.

Mr. Travis also references the fact that he had no office staff or other assistance to help with the filing on February 13, 2023. But he rehired a legal assistant on February 24, 2023. *See* Aff. of Patricia Travis [Doc. No. 71-1]. There is no explanation as to why a motion for extension of time to file the notice of appeal did not get timely filed during the time period after February 13, 2023 and continuing through March 15, 2023.

Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Plaintiff relies on *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000), to argue that the Tenth Circuit reversed a district court's ruling denying Rule 60(b) relief where the filing "was beyond a 180 day deadline to file under [Fed. R. App. P. 4(a)(5)(A) and Fed. R. App. P. 4(a)(6)(B)]." Pl.'s Mot. at 5.

Plaintiff misstates the holding in *Clark*. Contrary to Plaintiff's argument, the Tenth Circuit held that Rule 60(b) *cannot* be used to circumvent the deadlines set forth in Fed. R. App. P. 4(a)(6). *Id.* at 1041. Moreover, the Tenth Circuit's holding focused on Fed. R. App. P. 4(a)(6) and did not address whether Rule 60(b) could be used to circumvent the deadlines set forth in Fed. R. App. P. 4(a)(5) at issue here. Thus, Plaintiff's reliance on *Clark* is misplaced.

Plaintiff cites no Tenth Circuit authority permitting use of Rule 60(b)(1) to circumvent the limitations imposed by Fed. R. App. P. 4(a)(5). Instead, Plaintiff relies on a Ninth Circuit case, *Washington v. Ryan*, 833 F.3d 1087 (9th Cir. 2016). But *Washington* is not binding precedent and the Court declines to follow the decision as the unique circumstances at issue in that case – a death penalty case -- are not present here.

Indeed, in *Washington*, the Ninth Circuit acknowledged the extraordinary nature of granting relief under Rule 60(b) to extend the time to appeal. *Id.* at 1102 ("Of the thousands of judgments entered by district courts each year, only a handful have been found to warrant this type of relief.").

The Court is sympathetic to the reasons accompanying Plaintiff's untimely request to file a notice of appeal. But as the Tenth Circuit recognized in *Clark*, the essence of Rule 4(a) is "finality of judgment" and "[w]hile application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement[.]" *Id.* at 1041.

Alternatively, even if it were proper for the Court to apply Rule 60(b) as a means to extend the deadline for filing a notice of appeal, Plaintiff has failed to demonstrate "excusable neglect." First, as Defendant argues, Plaintiff has two attorneys who have entered appearances in this action on her behalf. Mr. Travis represents to the Court that he is Plaintiff's appellate counsel. But Mark Edwards is also Plaintiff's attorney of record and has represented Plaintiff since the commencement of this action. Plaintiff fails to make any showing as to why Mr. Edwards did not take any corrective action within the prescribed time periods. Plaintiff argues in her Reply that Mr. Edwards "had no way to know that . . . the Notice of Appeal did not get filed." Reply at 1. But that is incorrect. Mr. Edwards would have received a Notice of Electronic Filing (NEF) from this Court as to any filing made. When he did not receive any such NEF, he could have taken corrective action. Instead, it appears Mr. Edwards simply did not continue to

monitor the case. In any event, the record is silent as to any excusable neglect as to Mr. Edwards.

Similarly, Plaintiff provides no explanation as to why, once Mr. Travis rehired a legal assistant on February 24, 2023, it took an additional thirty days before the error was discovered. Plaintiff states only that it was his legal assistant "who detected the error in not getting the Notice of Appeal filed." Mot. at 3.

Finally, Mr. Travis's illness (i.e., that he contracted COVID-19) is not submitted as the reason the notice of appeal did not get timely filed. As acknowledged by counsel, despite the illness, he was able to file his entry of appearance. He just "didn't know, or forgot," that the notice of appeal had to be filed separately.

The Tenth Circuit has held that "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Furthermore, relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 745 (10th Cir. 2011). The record before the Court fails to demonstrate such exceptional circumstances are present to warrant relief.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief from Judgment Under FRCP 60(b)(1) and FRAP 4(a)(A)(5) [sic] [Doc. No. 71] is DENIED.

IT IS SO ORDERED this 8th day of June, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE